| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT |
| Case Type Indicator: Employment | |
| Melynda Mahowald,<br><br>        Plaintiff,<br><br>v.<br><br>Professional Turf, Inc. d/b/a/Proturf and David Peller,<br><br>        Defendants. | **SUMMONS** |

SUMMONS IS DIRECTED TO: **Professional Turf, Inc.**

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at: **Areti Georgopoulos, Harmony Law Firm PLLC, 310 4th Avenue South, Suite 5010, Minneapolis, MN 55415.**

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

EXHIBIT A

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: April 10, 2019                HARMONY LAW FIRM, PLLC

/s/ Areti Georgopoulos
_____
Areti Georgopoulos, # 0346019
310 4th Avenue South, Suite 5010
Minneapolis, MN 55415
P: (612) 206-3711
F: (612) 206-3170
areti@harmonylawfirm.com
*Attorney for Plaintiff*

| | |
|---|---|
| STATE OF MINNESOTA<br>COUNTY OF DAKOTA | DISTRICT COURT<br>FIRST JUDICIAL DISTRICT<br>Case Type Indicator: Employment |
| Melynda Mahowald,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Professional Turf, Inc. d/b/a/ Proturf and David Peller,<br><br>　　　　　Defendants. | **COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff Melynda Mahowald brings this action for damages and other legal and equitable relief for violations of law by Defendants Professional Turf, Inc. d/b/a Proturf ("Proturf") and David Peller ("Peller") (collectively "Defendants"). She states and alleges as follows:

### INTRODUCTION

Melynda Mahowald endured years of emotional abuse, verbal abuse, and sexual harassment from David Peller, the owner of Proturf. Proturf deprived Ms. Mahowald of overtime pay and insisted that she apply an illegal calculation for payment of overtime wages. In March 2018, Ms. Mahowald asked Peller to stop harassing her because it triggered her Post Traumatic Stress Disorder ("PTSD"). Peller fired her 18 days later without cause. She requested her final, earned wages repeatedly; Peller refused to pay them. Instead, he defamed her character by falsely reporting to law enforcement that Ms. Mahowald had defrauded him. That case was dismissed in the interest of justice, but the allegations still appear in Ms. Mahowald's public record. Ms. Mahowald now files suit seeking to hold Defendants accountable for their blatant violations of state and federal laws.

## PARTIES

1. Plaintiff Melynda Mahowald ("Plaintiff" or "Ms. Mahowald") is a resident of the State of Minnesota.

2. For all times pertinent to this action, Ms. Mahowald was an "employee" of Defendants under Minn. Stat. § 363A.03, subd. 15 and 29 U.S.C. 26 § 203(e).

3. For all times pertinent to this action, Defendants were Ms. Mahowald's "employers" within the meaning of Minn. Stat. § 363A.03, subd. 16 and 29 U.S.C. 26 § 203(d).

4. For all times pertinent to this action, Defendant Proturf was located at 7780 West 215th Street, Lakeville, Minnesota 55044.

5. For all times pertinent to this action, Defendant Peller was located at 7780 West 215th Street, Lakeville, Minnesota 55044.

## JURISDICTION & VENUE

6. This Court has jurisdiction over the parties and causes of action alleged by Ms. Mahowald because the events alleged herein affecting her occurred in the State of Minnesota.

7. Venue in this Court is proper because Defendants are located and conduct business in Dakota County, Minnesota.

8. All conditions precedent to this action have been fulfilled. Plaintiff timely commenced this action within one year of the end of Plaintiff's employment.

## FACTUAL ALLEGATIONS

9. Ms. Mahowald is a 40-year-old woman with a positive work history. She began working for Proturf as an Assistant Office Manager on July 1, 2013 and was promoted to Office Manager on November 11, 2014.

10. Ms. Mahowald's job duties included but were not limited to: managing office and personnel issues, handling taxes, and submitting all payroll issues through an electronic payroll company called Paycom. Her starting rate of pay was $18.00 per hour.

11. David Peller, the owner of Proturf, was an abusive boss. He routinely screamed at his employees, including Ms. Mahowald, and they were fearful of him. As a result, there was high turnover in the office and Ms. Mahowald was regularly training in new employees.

12. Peller sexually harassed Ms. Mahowald on a daily basis at Proturf. He made inappropriate sexual comments to her, sent her sexually explicit text messages, and touched her in a sexual way. For example, he made comments about her breasts, suggested ways that she could have sex with her husband, asked to have sex with her and another person in a "threesome," licked her hand, and sent her text messages explicitly referencing sex.

13. Ms. Mahowald suffers from PTSD, which materially limits one or more major life activities. Her PTSD was exacerbated by Peller's explosive temper and sexual harassment. She developed severe depression, loss of sleep, anxiety, and physical consequences as a result of Peller's actions.

14. When Ms. Mahowald worked more than 40 hours a week, Peller directed her to calculate her overtime wages by using a formula devised by Peller which actually reduced her hourly pay, depriving her of thousands of dollars of overtime compensation.

15. On March 26, 2018, Peller was screaming at Ms. Mahowald and she found the courage to tell him that his offensive treatment triggered her PTSD. She told him that he needed to stop harassing her immediately.

16. On or around April 13, 2018, Proturf terminated Ms. Mahowald's employment without notice or reason.

17. Ms. Mahowald's pay rate at the time of her termination was $24.00 per hour. She worked an average of 40 hours per week, plus overtime, earning roughly $50,000.00 per year.

18. Ms. Mahowald had earned and unpaid wages at the time of her discharge.

19. On April 16, 2018 and April 30, 2018, Ms. Mahowald requested from Proturf payment of her earned and unpaid wages totaling $4,961.88. Defendants refused to provide payment.

20. Ms. Mahowald retained an attorney to assist her in obtaining her earned, unpaid wages from Proturf. The attorney sent a demand letter to Defendants on June 8, 2018, requesting payment of these wages and a penalty of $2,550.00 pursuant to Minn. Stat. § 181.13. Defendants refused to provide payment.

21. Twelve days later, on June 20, 2018, Peller contacted law enforcement and falsely accused Ms. Mahowald of fraud. Four felony charges were filed against her; all were dismissed in the interest of justice on March 6, 2019. Ms. Mahowald had to pay an attorney thousands of dollars to defend her in criminal court. Unfortunately, even though the charges were dismissed, they are still listed publicly, and Ms. Mahowald continues to suffer damage to her reputation as a result.

22. As a direct and proximate result of the conduct above described, Ms. Mahowald has suffered emotional distress, mental anguish, embarrassment, humiliation, and physical pain. Further, as a direct and proximate result of the above conduct, Ms. Mahowald has also suffered lost wages and job benefits.

**COUNT I: SEX DISCRIMINATION
UNDER THE MINNESOTA HUMAN RIGHTS ACT,
MINN. STAT. § 363A.08**

23. All preceding paragraphs are incorporated herein.

24. Plaintiff and Defendants herein named are employee and employers respectively as defined by Minn. Stat. §363A.03, subd. 15 and subd. 16.

25. Minn. Stat. § 363A.02, subd. 43 defines sexual harassment as "unwelcome sexual advances, requests for sexual favors, sexually motivated physical contact or other verbal or physical conduct or communication of a sexual nature when: (2) submission to or rejection of that conduct or communication by an individual is used as a factor in decisions affecting that individual's employment….; or (3) that conduct or communication has the purpose or effect of substantially interfering with an individual's employment, …or creating an intimidating, hostile, or offensive employment…environment."

26. Minn. Stat. § 363A.08, subd. 2 provides that it is an unfair unemployment practice for an employer, because of sex, to "discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment."

27. Minn. Stat. § 363A.08, subd. 2 makes it an unfair employment practice for an employer, because of sex, to "discharge an employee."

28. By sexually harassing Plaintiff and discriminating against her on the basis of her sex, Defendants violated Minn. Stat. § 363A.08, subd. 2.

29. By discharging Plaintiff on the basis of her sex, Defendants violated Minn. Stat. § 363A.08, subd. 2.

30. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been and continues to be damaged and suffer losses including, but not limited to, lost income, lost benefits, lost earning capacity (past and future), emotional distress, physical and mental anguish, and monetary losses, in excess of $50,000.

31. The above acts were committed with malice, reckless disregard or deliberate disregard for the rights and safety of the Plaintiff. As a result, Plaintiff is also entitled to punitive damages.

### COUNT II: DISABILITY DISCRIMINATION UNDER THE MINNESOTA HUMAN RIGHTS ACT, MINN. STAT. § 363A.08

32. All preceding paragraphs are incorporated herein.

33. Plaintiff and Defendants herein named are employee and employers respectively as defined by Minn. Stat. §363A.03, subd. 15 and subd. 16.

34. Minn. Stat. § 363A.02, subd. 12 defines a disabled person as any person who has a physical, sensory, or mental impairment which limits one or more major life activities, has a record of such impairment, or is regarded as having such an impairment.

35. Minn. Stat. § 363A.08, subd. 2 provides that it is an unfair unemployment practice for an employer, because of a person's disability, to "discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment."

36. Minn. Stat. § 363A.08, subd. 2 makes it an unfair employment practice for an employer, because of disability, to "discharge an employee."

37. Plaintiff has PTSD, a disability of which Defendants were aware.

38. By discriminating against Plaintiff on the basis of her disability, Defendants violated Minn. Stat. § 363A.08, subd. 2.

39. By discharging Plaintiff on the basis of her disability, Defendants violated Minn. Stat. § 363A.08, subd. 2.

40. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been and continues to be damaged and suffer losses including, but not limited to, lost income, lost benefits, lost earning capacity (past and future), emotional distress, physical and mental anguish, and monetary losses, in excess of $50,000.

41. The above acts were committed with malice, reckless disregard or deliberate disregard for the rights and safety of the Plaintiff. As a result, Plaintiff is also entitled to punitive damages.

## COUNT III: REPRISAL
## UNDER THE MINNESOTA HUMAN RIGHTS ACT,
## MINN. STAT. § 363A.15

42. All preceding paragraphs are incorporated herein.

43. Plaintiff and Defendants herein named are employee and employers respectively as defined by Minn. Stat. §363A.03, subd. 15 and subd. 16.

44. Minn. Stat. § 363A.15 provides that it is an unfair discriminatory practice for any individual who participated in the alleged discrimination to intentionally engage in any reprisal against any person because that person "opposed a practice forbidden under this chapter or has filed a charge … under this chapter."

45. Minn. Stat. § 363A.15 provides that "reprisal includes, but is not limited to, any form of intimidation, retaliation, or harassment."

46. By discharging Plaintiff after she made a report of unfair discriminatory and harassing practices in violation of the Minnesota Human Rights Act, Defendants violated Minn. Stat. § 363A.15.

47. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been and continues to be damaged and suffer losses including, but not limited to, lost income, lost

benefits, lost earning capacity (past and future), emotional distress, physical and mental anguish, and monetary losses, in excess of $50,000.

48. The above acts were committed with malice, reckless disregard or deliberate disregard for the rights and safety of the Plaintiff. As a result, Plaintiff is also entitled to punitive damages.

### COUNT IV: DEFAMATION OF CHARACTER

49. All preceding paragraphs are incorporated herein.

50. Minnesota law makes it unlawful for a person to defame another.

51. Defendant Peller communicated to someone other than Plaintiff a false statement that Plaintiff had engaged in fraud.

52. The statement tended to harm Plaintiff's reputation and lowered her in the estimation of the community.

53. Defendant Peller knew or should have known the statement was false.

54. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been and continues to be damaged and suffer losses including, but not limited to, lost income, loss of reputation, lost earning capacity (past and future), emotional distress, physical and mental anguish, and monetary losses, in excess of $50,000.

### COUNT V: FAILURE TO PAY WAGES UNDER MINN. STAT. § 181.101

1. All preceding paragraphs are incorporated herein.

2. Minn. Stat. § 181.101 makes it unlawful for any employer not to pay wages earned at least once every 31 days.

3. By refusing to pay Plaintiff all of her earned, unpaid wages, Defendants violated Minn. Stat. § 181.101.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been and continues to be damaged and suffer losses including, but not limited to her actual wages and the penalties and monetary losses, in excess of $5,000.

### COUNT VI: FAILURE TO PAY WAGES PROMPTLY UNDER MINN. STAT. § 181.13

4. All preceding paragraphs are incorporated herein.

5. Minn. Stat. § 181.131 makes it unlawful for any employer not to pay wages earned and unpaid at the time of discharge immediately upon demand of the employee.

6. By refusing to pay Plaintiff her earned, unpaid wages immediately after discharge and upon demand of Plaintiff, Defendants violated Minn. Stat. § 181.13.

7. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been and continues to be damaged and suffer losses including, but not limited to her actual wages and the penalties and monetary losses, in excess of $5,000.

### COUNT VII: VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT UNDER 29 U.S.C. § 207

8. All preceding paragraphs are incorporated herein.

9. 29 U.S.C. § 207 sets forth that employers must pay their employees one and one-half times the regular rate at which they are employed if they work in excess of 40 hours in one work week.

10. By refusing to pay Plaintiff one-and-one-half times her regular payrate when she worked over 40 hours in one work week, Defendants violated 29 U.S.C. § 207.

11. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been and continues to be damaged and suffer losses including, but not limited to her actual wages, overtime wages, and the penalties and monetary losses, in excess of $5,000.

### COUNT VIII: VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT UNDER MINN. STAT. § 177.25

12. All preceding paragraphs are incorporated herein.

13. Minn. Stat. § 177.25 sets forth that employers must pay their employees one and one-half times the regular rate at which they are employed if they work in excess of 48 hours in one work week.

14. By refusing to pay Plaintiff one-and-one-half times her regular payrate when she worked over 48 hours in one work week, Defendants violated Minn. Stat. § 177.25.

15. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been and continues to be damaged and suffer losses including, but not limited to her actual wages, overtime wages, and the penalties and monetary losses, in excess of $5,000.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1. A declaratory judgment that the practices complained of herein are unlawful and violative of the Minnesota Human Rights Act, Minnesota common law defamation, Minn. Stat. § 181.13, The Federal Fair Labor Standards Act, and the Minnesota Fair Labor Standards Act;

2. An Order permanently restraining and enjoining Defendants from discriminating against Plaintiff, or any other individual, on any basis forbidden by the Minnesota Human Rights Act, Minnesota Human Rights Act, Minnesota common law defamation, Minn. Stat. §§ 181.101 and 181.13, the Federal Fair Labor Standards Act, and the Minnesota Fair Labor Standards Act;

3. An Order requiring Defendants to compensate, reimburse, and make whole Plaintiff for her losses attributable to Defendants' misconduct including but not limited to, back and front pay, benefits, training, and promotions;

4. An award to compensate Plaintiff for the pain, suffering, emotional distress, and humiliation caused by Defendants' unlawful treatment;

5. An Order requiring Defendants to compensate Plaintiff for all compensatory and special damages;

6. The Court to award Plaintiff costs, disbursements, and expenses of this action, including attorney's fees as provided in the Minnesota Human Rights Act, common law, Minn. Stat. §§ 181.101 and 181.13, the Federal Fair Labor Standards Act, and the Minnesota Fair Labor Standards Act;

7. For treble damages as allowed by the Minnesota Human Rights Act;

8. For liquidated damages as allowed by the Fair Labor Standards Act and the Minnesota Fair Labor Standards Act;

9. For penalties as allowed by Minn. Stat. §§ 181.101 and 181.13;

10. For leave to amend the Complaint to include a claim for punitive damages; and

11. For such further and other relief as the court deems fit.

### DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in this action for all claims so triable.

Dated: April 10, 2019

**HARMONY LAW FIRM, PLLC**

By: */s/ Areti Georgopoulos*

Areti Georgopoulos, # 0346019
310 4th Avenue South, Suite 5010
Minneapolis, MN 55415
P: (612) 206-3711
F: (612) 206-3170
areti@harmonylawfirm.com
*Attorney for Plaintiff*

**BRANDL LAW, LLC**

By: */s/ Jean M. Brandl*

Jean M. Brandl, # 0387260
310 4th Avenue South, Suite 5010
Minneapolis, MN 55415
P: (612) 206-3773
F: (612) 206-3773
jean@brandllaw.com
*Attorney for Plaintiff*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

HARMONY LAW FIRM, PLLC

Dated: April 10, 2019        By:    */s/ Areti Georgopoulos*
    _____

    Areti Georgopoulos, # 0346019